UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LAURA MARIA GUEVARA PERUANO, | ) ) ) ) ) ) ) ) ) ) ) | |
| Petitioner, | | |
| v. | | Civil No. 26-10300-LTS |
| DAVID WESLING et al., | | |
| Respondents. | | |

ORDER

February 11, 2026

SOROKIN, J.

     The Court held an evidentiary hearing in this matter yesterday (Tuesday, February 10, 2026) concerning the timing of the flight that took the petitioner from Massachusetts to Louisiana on the day this habeas petition was filed. During the hearing, the Court heard testimony from Brian E. Sullivan, who has worked for ICE since 2009 and was recently promoted from Supervisory Detention and Deportation Officer to Acting Assistant Field Office Director at ICE's Burlington office. Sullivan signed and submitted two sworn declarations to the Court in connection with this matter. Doc. No. 10; Doc. No. 19-7. Both declarations contained incorrect statements of fact. Sullivan has explained what caused the inaccuracy regarding flight timing in his first declaration. However, his testimony made clear that he did not author and could not explain certain material assertions contained in the second declaration.

     The accuracy of material information conveyed to the Court by the respondents' counsel in two status reports is also in question. See Doc. No. 13 at 1–2 (reasserting incorrect flight time and supporting assertion with attached "flight log"); Doc. No. 19 at 2–3 & n.2, 5 (asserting flight

numbers for ICE flights are privileged and cannot be made public, and unequivocally stating "that there are no records reflecting the time Petitioner departed Burlington or arrived at Hanscom Airport"). Sullivan testified that he is not responsible for these statements, and his testimony paired with records before the Court strongly suggests that such statements are untrue.

In light of the foregoing, it is hereby ORDERED as follows. First, the Court will convene a further in-person evidentiary hearing **on Friday, February 13, 2026, at 9:30 AM** in Courtroom 13. The respondents shall arrange for the following person(s) to attend and testify at the hearing: the Assistant Chief Counsel ("ACC") or other representative of ICE's Office of the Principal Legal Advisor ("OPLA") who provided the information concerning flight timing (including the "flight log" exhibit, Doc. No. 13-1) that was relied upon by the respondents' counsel in preparing the January 30 status report, and the ACC or other representative of OPLA who drafted the declaration Sullivan signed and submitted on February 6 and/or who directed Sullivan as to what information to include in that declaration (Doc. No. 19-7, including ¶¶ 5–19). Second, the respondents shall supplement their response to the Court's prior Order requiring the submission of "all records pertaining to the petitioner's transfers by ICE (or any respondent) on January 23, including records documenting the time and manner of her departure from Burlington, [and] the time of her arrival at Hanscom." Doc. No. 15 at 3. Sullivan's testimony describing how ICE documents the departures of detainees from the Burlington office suggests that, contrary to the respondents' previous assertion, records responsive to that directive do in fact exist. **These records shall be produced by 5 PM tomorrow, February 12, 2026**.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge