**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

LAURA GUEVARA PERUANO,            )
                                  )
              Petitioner,         )
                                  )        Case No. 1:26-cv-10300-LTS
v.                                )
                                  )
DAVID WESLING, et al.,            )
                                  )
              Respondents.        )

**PETITIONER'S APPLICATION FOR FEES AND COSTS**
**PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and pursuant to the Court's Order dated May 20, 2026 (Doc. No. 43), Petitioner Laura Maria Guevara Peruano respectfully requests that the Court award her the attorney's fees and litigation costs as set forth herein for prosecution of the above-captioned Petition.

I.    **PETITIONER IS ELIGIBLE FOR AN AWARD OF FEES AND COSTS PURSUANT TO THE EAJA.**

On May 20, 2026, the Court expressly awarded Petitioner "fees and costs under the EAJA." Doc. No. 43 at 28. Accordingly, the Court has already found that Petitioner is eligible for an award of fees and costs as the prevailing party within the meaning of the EAJA, and that the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(B). Alternatively, the Court concluded that Petitioner is eligible for a fee award "as a sanction for repeated false and misleading statement by ICE in this case." Doc. No. 43 at 29, n.19.

II.   **PETITIONER'S REQUESTED FEES AND COSTS ARE REASONABLE.**

1

In conformance with 28 U.S.C. § 2412(d), Petitioner submits with this application the declaration of her attorney Julia Ciachurski together with her time and expense records to demonstrate the actual time expended and cost incurred in prosecuting this Petition. *See* Exhibit 1, Declaration of Attorney Julia Ciachurski; Exhibit 2, Time Records. Petitioner's counsel spent at least 56.2 hours related to the litigation of his petition for writ of habeas corpus before this Court. *Id.* These hours were spent researching, drafting, and filing the Petition, motions, and memoranda in the above-referenced action; preparing for and appearing at evidentiary hearings; communicating with Respondent's counsel; and advising Petitioner and her removal defense counsel. *Id.* The hours include time spent preparing this application for fees. *Id.*

With respect to the hourly rate for attorneys, Petitioner requests that the Court calculate the same by multiplying the EAJA's $125 per hour cap enacted by Congress in March of 1996 by a fraction with a denominator of 162.8 (representing the Annual Consumer Price Index for all Urban Consumers in the Boston-Cambridge-Newton, MA-NH Area for March of 1996) and with a numerator of 346.856 (representing the same Index for July 2025)[1]. The resulting rate, to the nearest penny, is $ 266.32, an amount which reflects the upward adjustment of the $125 cap based on the cost of living in the metropolitan region where Petitioner's attorney is located. 28 U.S.C. § 2412(d)(2)(A). In sum, Petitioner claims 56.2 hours of attorney fees and these hours multiplied by the above rate provides for a total amount of $14,967.18. Petitioner therefore requests an award of fees for a total of 56.2 hours prosecuting this case.

---

[1] Petitioner requests that the Court take judicial notice of the Annual Consumer Price Indices for all Urban Consumers published by the Bureau of Labor Statistics as "a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). A courtesy copy of said Indices, as published by the Bureau of Labor Statistics is attached hereto. Exhibit 3.

Both the rate and the hours are reasonable. The rate's reasonableness is found within its statutory grounding as provided above. And both the amount of attorney hours spent on this action and the requested hourly rate are within a similar range to the number of hours and rate found to be reasonable in similar habeas actions. *See*, *e.g.*, *S.F. v. Bostock*, No. 3:25-cv-01084-MTK, 2026 WL 1230044, at *6 (D. Or. May 5, 2026) (awarding EAJA fees in the amount of $25,275.00); *N-N- v. McShane*, No. CV 25-5494, 2026 WL 1082281, at *5 (E.D. Pa. Apr. 20, 2026) (awarding $39,419.93); *Bernardo-Rodrigues v. Hyde*, No. 25-cv-00553, 2026 WL 370863, at *4 (D. Me. Feb. 10, 2026) (awarding $17,461.80); *Abioye v. Oddo*, No. 23-CV-0251, 2024 WL 4304738 (W.D. Pa. Sep. 26, 2024) (awarding $18,224.58), *aff'd*, 169 F.4th 418 (3d Cir. 2026); *Daley v. Choate*, No. 22-cv-03043, 2024 WL 989397 (D. Colo. Mar. 7, 2024) (awarding $18,553.92), *aff'd*, 158 F.4th 1152 (10th Cir. 2025); *Oscar v. Gillen*, 595 F. Supp. 2d 166, 171 (D. Mass 2009) (awarding $18,796.46, adjusted for cost of living in Boston); *Kholyavskiy v. Schlecht*, 479 F. Supp. 2d 897, 910 (E.D. Wis. 2007) (awarding $22,927.60).

Petitioner respectfully submits that the time documented by the present application represents no more than what a "conscientious lawyer should charge for the work performed." *Sarmento v. Colvin*, No. CIV.A. 10-11724-RWZ, 2013 WL 3229681, at *3 (D. Mass. June 24, 2013).

### *CONCLUSION*

Petitioner has established here that she is entitled to an award of $14,967.18 in attorneys' fees under the EAJA and respectfully requests that the Court order Respondents to pay her reasonable attorneys' fees.

Respectfully submitted,

*/s/ Julia Ciachurski*
Julia Ciachurski
BBO# 709052
PAIR Project

3

98 N. Washington Street, Suite 106
Boston, MA 02114
(617) 453-3216; jciachurski@pairproject.org

*Pro bono counsel for Petitioner*

Dated:  May 27, 2026

4

## **CERTIFICATE OF SERVICE**

     I, Julia Ciachurski, certify that on this 27th day of May, 2026, I caused a copy of the foregoing Application to be served on Respondents' counsel via the CM/ECF platform.


                           */s/ Julia Ciachurski*
                           Julia Ciachurski