UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LAURA MARIA GUEVARA PERUANO, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil No. 26-10300-LTS |
| DAVID WESLING et al., | ) ) ) | |
| Respondents. | ) ) ) | |

ORDER ON ATTORNEY'S FEES

June 5, 2026

SOROKIN, J.

On May 20, 2026, this Court allowed the habeas petition filed by Laura Maria Guevara

Peruano and granted her various forms of relief. Doc. No. 43 at 29–30.[1] The Court also

sanctioned U.S. Immigration and Customs Enforcement ("ICE") for its "repeated false and

misleading statements to the Court about material facts" and "disregard of its constitutional

obligation to ensure Peruano's health and safety while she was in ICE custody." Id. at 1, 30.

One sanction the Court imposed was an order requiring ICE "to pay any and all fees and costs"

Peruano incurred in connection with this lawsuit. Id. at 28. To determine the amount of that

award, the Court directed the parties to make further submissions. Id. at 28–30. The Court has

reviewed those submissions, Doc. Nos. 45, 46, and it now resolves the question of fees.

As explained in the prior Memorandum and Order, the Court found that Peruano was

entitled to "a fee award on two separate and independently sufficient grounds: the [Equal Access

---

[1] Citations to "Doc. No. __ at __" reference items appearing on the Court's electronic docketing system ("ECF") using the document and page numbering that appears in the ECF header or, if appropriate, paragraph numbering appearing within the document itself.

to Justice Act, or "EAJA"], and as a sanction for repeated false and misleading statements by ICE in this case."  Doc. No. 43 at 29 n.19; accord id. at 28; see also id. at 1, 15, 23–30.  The respondents have objected to an award of fees under the EAJA, but they acknowledge and have expressed no challenge to the Court's independent determination that such an award is warranted "as a sanction."  Doc. No. 46 at 1 n.1.  The respondents also do not contest any aspect of the fee amount Peruano has claimed or her supporting exhibits.  See Doc. Nos. 45-1 to -4.

**Accordingly, the Court hereby ORDERS that ICE shall pay $14,967.18 to Peruano's counsel within seven days of this Order.  Such a fee award is reasonable and justified "as a sanction for ICE's recurrent false submissions" in this case (in part because such submissions "consumed substantial time and resources on the part[] of . . . Peruano's counsel"), Doc. No. 43 at 28, and the respondents have waived any objection to entry of this sanction or to its amount.  By June 15, 2026, the respondents shall file a notice confirming ICE's compliance with this directive.**

As for the second basis the Court identified as independently supporting such an award, the Court need not and does not rest its fee award on the EAJA.  It does, however, briefly comment on the respondents' three objections.  The first two are arguments the Court anticipated and rejected for reasons expressed in its original Memorandum and Order.  Compare Doc. No. 46 at 2–11 (arguing immigration habeas proceeding is not "civil action" for EAJA purposes, and government's position was substantially justified), with Doc. No. 43 at 27–28 (adopting recent reasoning of Third Circuit regarding "civil action" requirement and finding respondents' positions "unjustified at every turn").  The Court OVERRULES those objections and adheres to the reasoning it expressed previously.

The third objection does not undermine Peruano's ultimate entitlement to a fee award under the EAJA, but it calls into question whether such an award can be entered now.  See Doc. No. 46 at 11.  The statutory language and Supreme Court precedent the respondents cite suggest the Court should not entertain, and cannot dispose of, a request for fees under the EAJA until it has entered judgment, and that judgment has become final either with the expiration of the applicable appeal period or the conclusion of any appeal taken.  See 28 U.S.C. § 2412(d)(1)(B), (2)(G); Melkonyan v. Sullivan, 501 U.S. 89, 95–96 (1991).  Here, judgment will enter concurrently with this Order, and then the applicable appeal period will begin.  Given its separate conclusion that ICE must pay Peruano's fees and costs as a sanction for its repeated false submissions in this case (many of which were made under penalty of perjury), the Court need not and does not rely on the EAJA to justify a fee award at this time.[2]  If there were reason to doubt whether ICE's conduct in this case was sufficiently egregious to warrant sanctions—and the Court harbors no such doubt, nor have the respondents raised such an argument—the Court would find Peruano's existing submissions sufficient and award her fees under the EAJA when its judgment in this case becomes final.  See Melkonyan, 501 U.S. at 103 (suggesting premature request could be entertained on existing filings or via reapplication upon entry of final judgment); cf. Ndongala v. Wesling, No. 26-cv-10194-ADB, 2026 WL 1534981, at *1 (D. Mass. June 1, 2026) (holding motion in abeyance pending final judgment upon finding petitioner otherwise eligible for EAJA fees).

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge

---

[2] Peruano has not sought any amount in excess of the fees and costs she incurred, and the Court has not imposed monetary sanctions beyond her actual fees and costs.